# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>QUATRO SYSTEMS, INC.<br><br>---<br><br>LYNN FELDMAN, AS TRUSTEE FOR THE BANKRUPTCY ESTATE OF QUATRO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>INTEGRA BUSINESS CENTER, INC., JAMES G. CHEBIN, AND MICHAEL KAZAKEVICH,<br><br>    Defendants. | Chapter 7 Case No. 17-16851(MDC)<br><br>Adversary Proceeding No.:<br>2019-00189<br><br> |

## DEFENDANT JAMES G. CHEBIN'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant, James G. Chebin ("Defendant") files his Answer and Affirmative Defenses to Plaintiff's Complaint, averring as follows:

1.     **DENIED.** Defendant specifically denies that (i) he breached his fiduciary duty as Quatro officer, resulting from his usage of the Debtor as his own "piggy bank" and for causing the Debtor to make significant fraudulent transfers either for his own personal debts or for the debts of the related entity, Interdata Technical Resources, Inc. ("ITR"); (ii) the avoidance of and that he owes to Plaintiff those transfers; and (iii) allegations of his assistance in a scheme and pecuniary advantage and personal enrichment as stated. Strict proof thereof is demanded at time of trial.

    By way of further response, Defendant asserts: a) the characterization of Defendants actions is not true; b) the few insignificant transfers made in his name were either for his personal business related expenses reimbursement, or were offset by equivalent deductions from his paycheck; c) the intercompany transfers made to ITR were not

fraudulent as they were done for the reasons of either to financially support the related entity in its operations, reimbursing it for services rendered, or repayment of the funds that ITR transferred to Quatro when Quatro needed them due to its limited credit facility. All such intercompany transfers were properly accounted for on the annual consolidated financial statements. Thus, the allegation that Defendant has breached his fiduciary duty as Quatro officer is not correct, and therefore he does not owe Plaintiff the transfers referenced herein.

By way of further response, Defendant asserts that there was not any scheme to strip Quatro of its value. On a contrary, since Quatro's inception in 1989 for 27 years Defendant was doing everything he could possibly do to grow Quatro and to help it survive the various adversities it has faced. Besides working endless hours, he was making many personal sacrifices for the sake of Quatro, the company he co-founded and considered his "baby". This included doing personal borrowing to infuse Quatro with desperately needed funds when Quatro could not borrow itself from outside lenders; and working for significantly reduced or no pay at all.

By way of further response, Defendant asserts that after Integra Purchase he did not realized a pecuniary advantage and personal enrichment, as he was put in a role that paid significantly less than what his position at Quatro normally has paid. In addition, after the Integra Purchase, Quatro owed him a significant amount of money for borrowing from him needed funds in recent years.

2. **DENIED.** Defendant specifically denies that he used the Debtor as his personal piggy bank, looting value from Quatro for his personal benefit. Strict proof thereof is demanded at time of trial.

   By way of further response, Defendant asserts that, as stated in previous paragraph, transactions to Defendant were either for reimbursement of his personal business expenses or offset by deductions from his paychecks. In addition, Defended was personally lending Quatro money as needed.

3. **DENIED.** Defendant specifically denies that he effectuated the transfer of value from Quatro to himself as stated. Strict proof thereof is demanded at time of trial.

   By way of further response, Defendant asserts that the characterization by Plaintiff of payments made to Defendant by Quatro for which Quatro received little or no value is not correct. It is not true that Quatro received no value for such payments. It is not true that payments to third party on behalf of Defendant, which were reimbursed to Quatro

through the offsets on his paychecks, were a violation of his fiduciary duties and caused a transfer of value from Quatro to Defendant. It is not true that payments by Quatro to certain third parties amounts owed by ITR have effectuated the transfer of value from Quatro to Defendant.

4. **DENIED AS STATED.** Defendant specifically denies the characterization by Plaintiff of Defendant's involvement with the Integra Purchase for the purposes stated. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that his purpose for the Integra Purchase was to save Quatro's operations from a complete shutdown due to it not being a going concern, thus allowing it to gracefully take care of its creditors, customers, and employees as much as feasibly possible.

5. **DENIED.** Defendant specifically denies that Quatro was stripped of additional assets that Integra had not purchased. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that Quatro kept all assets that Integra has not purchased.

6. **ADMITTED.**

7. **DENIED**. It is specifically denied that devoid of substantially all of its assets, Quatro was left grossly undercapitalized, without sufficient assets to pay its debts, and destined to fail. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that Quatro kept all assets that Integra has not purchased, that Quatro was undercapitalized and was not a going concern prior to Integra Purchase.

8. **DENIED**. It is specifically denied that following the Integra Purchase, Quatro was saddled with a massive amount of debt for which it received little or no value in return, became financially hamstrung as the company continued to deteriorate, and was unable to access necessary credit and liquidity or pursue other options. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that Quatro was not a going concern prior to Integra Purchase, and it has received a fair consideration at the time of its Purchase by Integra based on its financial condition.

9. **DENIED AS CONCLUSION OF LAW AND FACT.** The allegations of this paragraph of the Complaint constitute legal and factual conclusions to which no response is required. To the extent it is determined that this paragraph contains factual averments, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

10. **DENIED.** Defendant specifically denies that at all relevant times, the Defendants knew or should have known that Quatro, post-the Integra Purchase, was doomed to fail. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that Quatro was not a going concern prior to Integra Purchase and had no means to continue its operations without being quickly acquired or receiving a massive capital infusion. As such, Integra Purchase has allowed Quatro to quickly minimize the impact of its adverse condition on its creditors, customers, and employees.

11. **DENIED.** Defendant specifically denies that he has structured the transaction to cause Quatro's failure. Quatro was not a going concern prior to transaction. Strict proof thereof is demanded at time of trial.

12. **DENIED.** Defendant specifically denies Plaintiff's allegations of him being conflicted in his loyalties and allegiance to his fiduciary duties to Quatro and its creditors and that he breached those duties in exchange for golden parachute from Integra. Strict proof thereof is demanded at time of trial.

    By way of further response, Defendant asserts that since Quatro's inception in 1989 for 27 years Defendant was doing everything he could possibly do to grow Quatro and to help it survive the various adversities it has faced. Besides working endless hours, he was making many personal sacrifices for the sake of Quatro, the company he co-founded and considered his "baby". This included doing personal borrowing to infuse Quatro with desperately needed funds when Quatro could not borrow itself from outside lenders; and working for significantly reduced or no pay at all. He has never thought that he would be forced to sell Quatro under duress conditions as it happened with Integra Purchase. During the year prior to Integra Purchase Defendant has worked with another potential buyer who was supposed to offer a better deal. Unfortunately in the last moment that buyer has pulled out, and the only quick option to salvage the situation was to pursue the Integra Purchase.

    By way of further response, Defendant asserts that he has always acted in the best interest of Quatro and its stakeholders and to the best of his abilities. Furthermore, the agreement with Integra did not represent a golden parachute for him, because he was put in a role that paid significantly less than what his position at Quatro normally has paid, and his employment with Integra was abruptly terminated three months sooner than the two year contract has called for causing Defendant a financial hardship.

13-14. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

15-17. **ADMITTED.**

18. **DENIED.**

19. **ADMITTED UPON INFORMATION AND BELIEF.**

20. **ADMITTED.**

21. **ADMITTED UPON INFORMATION AND BELIEF.**

22-23. **DENIED AS STATED.** These averments are specifically denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder and Kazakevich was Quatro's President and was a 50% shareholder.

24-25. **ADMITTED.**

26. **DENIED.** It is specifically denied that Quatro's territorial footprint covered the Mid-Atlantic region, particularly within Eastern Pennsylvania. Strict proof thereof is demanded at time of trial.

27. **DENIED.** Defendant specifically denies that in the years preceding the Petition Date, Quatro was a successful operation. Strict proof thereof is demanded at time of trial.

28. **ADMITTED.**

29. **DENIED.** Defendant specifically denies Plaintiff's characterization of Defendant's actions leading to the sale of Quatro as stated. Strict proof thereof is demanded at time of trial.

30. **DENIED.** Defendant specifically denies Plaintiff's characterization of Defendant's reasons to partake in agreement with Integra. Strict proof thereof is demanded at time of trial.

31. **DENIED.** Defendant specifically denies his involvement in creating the plan as stated. Strict proof thereof is demanded at time of trial.

32. **DENIED.** Defendant specifically denies Plaintiff's allegations that Defendant realized prior to entry into the APA that Quatro's declining gross revenue was primarily impacted by decline in product sales. Strict proof thereof is demanded at time of trial.

33. **DENIED.** Defendant lacks sufficient knowledge as to what Integra "well understood" or "counted upon" and whether Integra believed it would be in a much better position to operate Quatro's business, as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

34. **DENIED.** Defendant lacks sufficient knowledge as to the alleged December 27, 2016 email referenced in this paragraph, as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

35-36. **ADMITTED.**

37. **DENIED.** Defendant specifically denies Plaintiff's characterization of Defendant's implied intent as stated. Strict proof thereof is demanded at time of trial.

38-39. **ADMITTED.**

40. **DENIED.** Defendant specifically denies that he was drawing a salary from Quatro during discussions with Integra. Strict proof thereof is demanded at time of trial.

41. **DENIED.** Defendant lacks sufficient knowledge as to Integra's plan as asserted in this paragraph, as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

42. **DENIED.** Defendant lacks sufficient knowledge as to Integra's goal as asserted in this paragraph, as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

43-46. **ADMITTED.**

47. **DENIED.** The January 16, 2017 email is a writing that speaks for itself, therefor any characterization of same by Plaintiff is specifically denied. Strict proof thereof is demanded at time of trial.

48-54. **ADMITTED.**

55. **DENIED.** Defendant lacks sufficient knowledge as to Integra's plan as asserted in this paragraph, as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

56. **DENIED.** Defendant specifically denies Plaintiff's characterization of Defendant's asserted motivation. Strict proof thereof is demanded at time of trial.

57. **DENIED.** Defendant specifically denies at the time of the APA and FASA, Quatro had significant value as a going concern, reporting annual gross revenue in 2016 in the amount of approximately $3 million. Strict proof there is demanded at time of trial.

58. **DENIED**. Defendant specifically denies the entirety of this paragraph, particularly the assertion that Integra essentially took control of Quatro's entire operations, for a fraction of its ultimate value. Strict proof thereof is demanded at time of trial.

59. **DENIED**. Defendant specifically denies the entirety of this paragraph, particularly the assertion that Defendant was complicit in some "scheme" of Integra. Strict proof thereof is demanded at time of trial.

60. **DENIED AS STATED.** Defendant specifically denies Plaintiff's characterization of the transaction as Defendant's "sell out" of Quatro and its creditors. Strict proof thereof is demanded at time of trial. The compensation, however, set forth in the paragraph is correct.

61. **DENIED**. Defendant lacks sufficient knowledge as to APA and the FASA, as described in this paragraph. Strict proof thereof is demanded at time of trial.

62. **ADMITTED.**

63. **DENIED**. The APA and attachments, are writings that speak for themselves and as such any characterization by Plaintiff is specifically denied.

64-67. **ADMITTED.**

68. **DENIED.** Defendant specifically denies this paragraph in its entirety, including that he began to receive handsome commissions post-closing, as described in the paragraph. Strict proof thereof is demanded at time of trial.

69. **DENIED**. The APA and attachments, are writings that speak for themselves and as such any characterization by Plaintiff is specifically denied. Moreover, Defendant specifically denies the paragraph's characterization of what he contemplated and/or intended. Strict proof thereof is demanded at time of trial.

70. **DENIED.** Defendant specifically denies Plaintiff's characterization of Quatro operations transfer to Integra as being far-below market price, that it was a driving force behind the APA, and of his complicity to this transaction.

71-72. **ADMITTED.**

73. **DENIED.** Defendant specifically denies this paragraph in its entirety. Particularly, Defendant lacks sufficient knowledge as to what Integra believed, as described in this paragraph. Strict proof thereof is demanded at time of trial.

74. **DENIED.** Defendant specifically denies this paragraph in its entirety. Particularly, Defendant lacks sufficient knowledge as to actions asserted of Integra in this paragraph, and as such this paragraph is specifically denied. Strict proof thereof is demanded at time of trial.

75. **DENIED.** Defendant specifically denies that the net effect of the transaction was entirely to the detriment of Quatro's creditors, who were left with a shell of a formerly viable company with significant liabilities and no assets. Strict proof thereof is demanded at time of trial.

76. **DENIED.** Defendant specifically denies Plaintiff's characterization of Defendant's reason for the Integra Purchase. Strict proof thereof is demanded at time of trial. By way of further response, Defendant asserts that his purpose for the Integra Purchase was to save Quatro's operations from a complete shutdown due to it not being a going concern, thus allowing it to gracefully take care of its creditors, customers, and employees as much as feasibly possible.

77-80. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

81. **DENIED**. Quatro's bankruptcy filing and supporting information are writings that speak for themselves, and therefore any characterization of same by Plaintiffs is specifically denied. Strict proof thereof is demanded at time of trial.

82-85. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

86. **DENIED**. Quatro's accounting records are writings that speak for themselves, and therefore any characterization of same by Plaintiffs is specifically denied. Strict proof thereof is demanded at time of trial.

87-88. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

## COUNT I

89. Defendant incorporates his responses to Paragraphs 1-88 as though fully set forth here.

90. **ADMITTED**.

91-103. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT II

104. Defendant incorporates his responses to Paragraphs 1-103 as though fully set forth here.

105-108. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT III

109. Defendant incorporates his responses to Paragraphs 1-108 as though fully set forth here.

110-114. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT IV

115. Defendant incorporates his responses to Paragraphs 1-114 as though fully set forth here.

116. **DENIED AS CONCLUSION OF LAW AND FACT.** The allegation of this paragraph of the Complaint constitutes legal and factual conclusions to which no response is required. To the extent this paragraph contains factual averments requiring a response, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

117. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder.

118-119. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent it is determined that these paragraphs contains factual averments, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

120. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Kazakevich was Quatro's President and was a 50% shareholder.

121-132. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT V

133. Defendant incorporates his responses to Paragraphs 1-132 as though fully set forth here.

134. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder.

135. **DENIED AS CONCLUSION OF LAW AND FACT.** The allegation of this paragraph of the Complaint constitutes legal and factual conclusions to which no response is required. To the extent this paragraph contains factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

136. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Kazakevich was Quatro's President and was a 50% shareholder.

137-150. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such

averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT VI

151. Defendant incorporates his responses to Paragraphs 1-151 as though fully set forth here.

152-153. **DENIED AS STATED.** These averments are denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder and Kazakevich was Quatro's President and was a 50% shareholder.

154-161. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT VII

162. Defendant incorporates his responses to Paragraphs 1-161 as though fully set forth here.

163-165. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT VIII

Case 19-00189-mdc    Doc 6    Filed 10/25/19    Entered 10/29/19 13:14:15    Desc Main
Document    Page 13 of 18

166. Defendant incorporates his responses to Paragraphs 1-165 as though fully set forth here.

167-177. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT IX

178. Defendant incorporates his responses to Paragraphs 1-177 as though fully set forth here.

179-183. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT X

184. Defendant incorporates his responses to Paragraphs 1-183 as though fully set forth here.

185-189. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XI

190. Defendant incorporates his responses to Paragraphs 1-189 as though fully set forth here.

191-195. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XII

196. Defendant incorporates his responses to Paragraphs 1-195 as though fully set forth here.

197-201. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XIII

202. Defendant incorporates his responses to Paragraphs 1-201 as though fully set forth here.

203-206. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

      **WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XIV

207. Defendant incorporates his responses to Paragraphs 1-206 as though fully set forth here.

208-211. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

      **WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XV

212. Defendant incorporates his responses to Paragraphs 1-20 as though fully set forth here.

213. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder.

214-215. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

216. **DENIED AS STATED.** This averment is denied as stated. By way of further response, Kazakevich was Quatro's President and was a 50% shareholder.

217-224. **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual

conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XVI

225.     Defendant incorporates his responses to Paragraphs 1-224 as though fully set forth here.

226.     **DENIED AS STATED.** This averment is denied as stated. By way of further response, Chebin was Quatro's CEO, Secretary, and Treasurer and was a 50% shareholder.

227.     **DENIED AS CONCLUSION OF LAW AND FACT.** The allegations of this paragraph of the Complaint constitutes legal and factual conclusions to which no response is required. To the extent it is determined that this paragraph contains factual averments, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

228.     **DENIED AS STATED.** This averment is denied as stated. By way of further response, Kazakevich was Quatro's President and was a 50% shareholder.

229-240.  **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## COUNT XVII

241.     Defendant incorporates his responses to Paragraphs 1-240 as though fully set forth here.

242-246.  **DENIED AS CONCLUSIONS OF LAW AND FACT.** The allegations of these paragraphs of the Complaint constitute legal and factual conclusions to which no response is required. To the extent these paragraphs contain factual averments requiring responses, such averments are specifically denied in their entirety. Strict proof thereof is demanded at time of trial.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

## AFFIRMATIVE DEFENSES

By way of further response to Plaintiff's Complaint, Defendant here raises the following Affirmative Defenses.

1. Plaintiff's Complaint fails to set forth a legally recoverable cause of action.

2. There is no legally recognizable claim set forth in Plaintiff's Complaint which will allow any recovery.

3. Any claim against Defendant is barred as a matter of law.

4. Plaintiff's Complaint does not present a valid and lawful theory of relief applicable to the within matter.

5. Plaintiff's Complaint is barred by the statute of limitations.

**WHEREFORE,** Defendant respectfully requests this Court to dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

/s/ *James G. Chebin*

---

JAMES G. CHEBIN, *Pro Se*
35 Hampshire Drive
Warminster PA 18974

Dated: October 24, 2019

## **VERIFICATION**

I, the undersigned, certify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information, and belief. I make this Verification subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false statements, I may be subject to criminal penalties.

_____
JAMES CHEBIN, *Pro Se*